## SHEDD *vs.* MONTGOMERY.

The defendant, having control, as agent or attorney, of a claim against the United States government, applied to the plaintiff to buy it, and thereupon made certain representations to him, in respect to the validity of the claim, and the probability of its payment, and the plaintiff, upon the faith of such representations, purchased and paid for the claim; and the representations turned out to be false, and the claim was rejected: *Held* that the plaintiff could maintain an action to recover back the purchase money paid.

APPEAL, by the plaintiff, from a judgment ordered at the circuit, dismissing the complaint.

The substance of the complaint is, that the plaintiff, upon the faith of, and relying upon, certain representations made by the defendant, proposed to the defendant that he (the plaintiff) would purchase a certain claim against the United States government for $20,000, of which the defendant had control as agent or attorney, and pay $11,500 therefor, if the defendant would call and see the 3d auditor, and if the 3d auditor would carefully examine the case of said claim with the defendant, and after such examination say to the defendant that the claim was good and just, that all the evidence was in his possession that could possibly be necessary to insure the payment of said claim, and promise the defendant to make the said claim special business, and pass the claim within ten days, and would further promise the defendant to recommend immediate payment, and allow the defendant to take the case of the claim, after the 3d auditor had passed it, to the 2d comptroller, and get the warrant for payment of the claim. That the defendant, the next day, falsely and fraudulently represented to the plaintiff, that all the foregoing requirements had been fulfilled, and on the faith of the defendant's representations, the plaintiff was induced to purchase said claim, and for that purpose delivered to the defendant $11,500, to pay for the same. That each of said representations was false. That the claim was rejected, and will not be paid. That the defendant did

not procure for the plaintiff a good and sufficient title thereto.

This action was brought to recover back the money thus paid by the plaintiff. The defendant, by his answer, denied each and every allegation of the complaint, in respect to any false or fraudulent representations whatever, made by him to the plaintiff, or any fraud committed, or attempted by him, in regard to the purchase by the plaintiff of the claim named in said complaint. 2d. He alleged that the plaintiff purchased said claim in violation of the laws of the United States, and knowing that said purchase was contrary to said laws. 3d. He alleged that said claim was and is a good and valid claim.

On the opening of the case for the plaintiff, at the circuit, the presiding justice dismissed the complaint, on the defendant's motion, upon the ground that the contract of purchase was in violation of the law of congress, which forbids any transfer of a claim upon the United States until after the allowance of the claim, the ascertainment of the amount due, and the issuing of a warrant for its payment. (*Brightly's Dig.* 132, § 2.)

*Edmonds & Field,* for the appellant.

I. Although the defendant was not the owner of the claim, yet, if he made the representations, knowing them to be false, with intent to defraud, whereby the plaintiff was induced to part with his money and sustained damage, an action will lie. 1. Where deceit and damage are both found, an action will lie. (*Pasley* v. *Freeman,* 3 *T. R.* 56. *Addington* v. *Allen,* 11 *Wend.* 404. *Chester* v. *Dickerson,* 52 *Barb.* 356.) 2. The knowledge of a party of the falsity of his representations, is itself sufficient evidence of a fraudulent intent. (*Bennett* v. *Judson,* 21 *N. Y.* 240. *Marsh* v. *Falker,* 40 *id.* 566.) This was the case that the plaintiff was prepared to make out, but he was not permitted to do so, because that any transfer of the claim would be void.

Shedd *v.* Montgomery.

II. The learned judge, at the circuit, misunderstood the action. If it had been, as he supposed, an action to enforce the assignment or transfer, he might have been right in, ruling as he did. But that was not the action. On the other hand, it was purely an action to recover back money obtained by false pretences. 1. Like the case of *Catts* v. *Phalen,* (2 *How. U. S.* 381,) the money was paid and received on the, false assertion of a fact, and the contract which the law raises between them is not founded on the void fact, but on the obligation to refund the money which had been received by falsehood and fraud, by the assertion of a fact which never took place. 2. The distinction is between an action affirming a void contract and one disaffirming it. The latter is our case, and can be maintained. (*See Baldwin* v. *Palmer,* 10 *N. Y.* 232, *and cases there cited.*)

III. This is simply an action for the deceit, where, on account of the deceit, and without inquiring whether the contract can be enforced, the party deceived rescinds the contract and seeks to recover his money back. (*White* v. *Merritt,* 7 *N. Y.* 352. *Nickley* v. *Thomas,* 22 *Barb.* 652. *Case* v. *Hall,* 24 *Wend.* 102.)

IV. For such a deceit, an action will lie, whether the contract can be enforced or not. (*Benton* v. *Pratt,* 2 *Wend.* 385.)

*B. C. Thayer,* for the respondent.

I. The laws of the United States make any assignment of any claim against the United States, or any order, or power of attorney, for the payment of such claim, absolutely null and void, unless the same be made " after the allowance of such claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof." (1 *Brightly's Dig. title Claims, p.* 132.)

II. It is well settled that a representation, in order to be the foundation of an action for deceit, must not only be false, but it must be material. Now it was utterly imma-

Shedd *v.* Montgomery.

terial, so far as the plaintiff's title to the claim against the government could be affected thereby, whether the representations made by the defendant in regard thereto were true or false. All assignments thereof, previous to the issuing of the warrant for the payment thereof, were utterly void; and if all the representations, alleged to have been made by the defendant were true, and the assignment thereof to the plaintiff was in all respects as formal as possible, yet the same was, in the hands of the plaintiff, a mere waste paper. It could not possibly have been more entirely worthless if those representations were (as claimed) wholly false. It follows, therefore, that this action cannot be maintained. Whether the plaintiff could maintain an action, for money had and received, to recover back his money, it is not necessary now to inquire, but it is very clear that he cannot be allowed to recover in this penal action. He has not suffered a particle of injury in consequence of any false representation by the defendant.

III. The plaintiff parted with his money in pursuance of an unlawful agreement and undertaking: And whether the undertaking be considered as unlawful, because it was prohibited by statute, or as contrary to public policy in providing for the exercise of an improper influence upon a public judicial officer, or as a fraudulent combination against the rights of the owner and assignor of the claim, or as unlawful and fraudulent for all these reasons, as it doubtless was, in either case the plaintiff is not entitled to any relief, either at law or in equity. (*Warburton* v. *Akin*, 1 *McL.* 460. *Randall* v. *Howard*, 2 *Black.* 588. *Nellis* v. *Clark*, 20 *Wend.* 24. *Bolt* v. *Rogers*, 3 *Paige*, 154. *Perkins* v. *Savage*, 15 *Wend.* 412.)

IV. The plaintiff was therefore properly nonsuited, and the order dismissing the complaint should be affirmed, and judgment directed in favor of the defendant.

*By the Court,* GEO. G. BARNARD, J.   I think the nonsuit granted in this case was wrong, and should be reversed. The plaintiff could recover, if his proof sustains his allegations.

Judgment reversed, and a new trial ordered; costs to abide the event of the action.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 1, 1872. *Ingrahum,* P. J., *Cardozo* and *Geo. G. Barnard,* Justices.]